## Shaeffer *against* M'Kinstry.

A surety cannot avail himself of circumstances as a defence, which were occasioned by his own delay to do that which would have relieved him from the payment of the money.

ERROR to the common pleas of *Franklin* county.

Thomas M'Kinstry, surviving William Sterrett, against John Lackens and Daniel Shaeffer.

November 15, 1833.—Case stated for the opinion of the court, with liberty, to either party, to take out a writ of error.

This action is founded on an obligation signed by John Lackens and Daniel Shaeffer, dated the 5th of January 1822.

"We, or either of ous, do promis to pay William Steritt and Thomas M'Kinstry, geardeans for the hears of William T. M'Kinstry, deceased, two hundred and fourty-seven dollars and four cents, to be paid whenever the real estate of Jacob Shaffer, deceased, is brought to sale, where John Lackans has and intrss in, his intrss paid over, then this money to be paid for value received: Witness my hand and seal this fifth day of January 1822.

"$247 04. The above note to beer intrss from date.

　　　　　　　　　　"JOHN LACKENS,　　[L. S.]
　　　　　　　　　　"DANIEL SHAFFER, [L. S.]"

On the 20th of October 1818, the petition of Daniel Shaeffer was presented to the orphans' court of Franklin county, praying for the partition and valuation of the real estate of Jacob Shaeffer, deceased.

The inquisition was returned to said court, and confirmed, the 10th of March 1819. On the 8th of June 1819, William Shaeffer took purpart 1st, at the appraisement, and Daniel Shaeffer took purpart 2d.

[Shaeffer v. M'Kinstry.]

On the 18th of October 1819, Jacob Shaeffer took purpart 6th.

On the 6th of May 1828, John Lackens gave his receipt to Daniel Shaeffer for 71 dollars, in full of his share of the white house, (taken at appraisement.)

On the 7th of April 1830, a rule was entered on the heirs of Jacob Shaeffer to appear at the June orphans' court, and accept or refuse purparts 3d, 4th and 5th, at the appraisement.

On the 8th of June, the court ordered and decreed that the administrators of Jacob Shaeffer should make sale of the purparts 3d, 4th and 5th, of his real estate.

On the 19th of October 1830, Daniel Shaeffer, (the defendant,) and Elizabeth Shaeffer, surviving administrators of Jacob Shaeffer, did make sale of said purparts 3d, 4th and 5th, to John Shaeffer, for 2000 dollars. Terms, one-half payable on the 1st of April 1831, and the other half in three equal annual instalments.

On the 17th of November 1831, the court decreed that the one-third of the purchase-money should remain in the hands of the purchaser during the life of Elizabeth Shaeffer, widow of Jacob Shaeffer, and the interest to be paid to her.

On the 26th of August 1831, Elizabeth and Daniel Shaeffer, administrators as aforesaid, executed a deed to John Shaeffer, for said purparts.

John Lackens (the other defendant) was married to Polly, one of the daughters of Jacob Shaeffer, deceased.

Mrs. Lackens died in September 1827, leaving her husband, John Lackens, and eight children to survive her.

Elizabeth, the widow of Jacob Shaeffer, deceased, is still alive.

On this statement of facts, it is submitted to the court to decide whether the plaintiff is entitled to recover in this action, and if so, to what amount, and judgment to be entered accordingly, subject to a writ of error by either party.

A judgment by default had been rendered against John Lackens, and the only question was, whether the plaintiff was entitled to a judgment against Daniel Shaeffer.

The court below (Thompson, president) gave judgment for the plaintiff for 500 dollars 53 cents, the amount of the note and interest.

*McCulloh,* for plaintiff in error.
*Chambers,* for defendant in error.

The opinion of the Court was delivered by

Huston, J.—The defence alleged by Daniel Shaeffer is, that he, as acting administrator of his father, must receive the share of his father's estate which would have become due to Lackens and wife, in right of the wife, who was sister of D. Shaeffer; and that on the death of his sister, in 1831, her share will go to her children, and Lackens cannot receive more than the interest as tenant by courtesy. It is entirely possible that a knowledge that Lackens would pro-

:[Shaeffer v. M'Kinstry.]

bably be entitled to receive money through his hands, was one reason why Daniel went surety in the single bill, and it is possible he would not have become surety if he had foreseen that he would be the paymaster of the bill. The law cannot exonerate him on this account. Few men go surety for another, without an expectation that the principal will be able to pay, and very often the surety could show that he had some reason for his expectation. The obligation in this case is positive as to the amount to be paid, and that it is to be paid with interest. The only contingency was as to the time of payment. When that time should arrive, depended on the children of Jacob Shaeffer, and on none more than Daniel, the acting administrator. If he has suffered by delay, in not selling the estate, it was his own delay. The guardians of William H. M'Kinstry did their duty in taking surety for the debt. No one thought of the death of Mrs Lackens, or if the guardians thought of it, they provided against loss to their ward by taking the single bill of Lackens, with a sufficient surety, for the whole amount due their ward, and interest. No court has a right to make the sum contingent where it is for a sum fairly due, and where delay in collecting it was occasioned by another person joining in a single bill for the payment of the whole debt at a future period; and where the loss, if any, falls on the surety, it is the consequence of his own delay to sell, and is in no way attributable to the plaintiffs.

Judgment affirmed.